Jasen, J. (dissenting).
Claimant was employed by Harcourt, Brace & World, Inc., as an associate editor of high school textbooks. On July 21, 1966, after he had finished eating lunch in the employees’ cafeteria, he entered the elevator to return to his office. As an outlet for his “ good feeling ”, which was supposedly engendered by his job, his fellow employees, his supervisor and his general good spirits, claimant attempted to execute some dance steps while riding up in the elevator. The dance steps lasted no more than "a small fraction of a minute ’ ’ and were climaxed by claimant’s falling to the floor and fracturing his left leg.
The referee disallowed the claim, but the board reversed finding that the attempted dance was not an unreasonable activity so as to be considered a deviation from the employment, and that under the circumstances, the injuries sustained arose out of and in the course of the employment.
The majority in the Appellate Division upheld the board on the grounds that the spontaneous outburst of exuberance was engendered by and arose out of and in the course of the employment. The majority also noted that even if the act was considered a deviation from the employment, it was insignificant.
The alternative basis of the decision below (i.e,, minor & -.viation) appears to have no support in light of the board’s factual determination that there was no deviation from the employment. Furthermore, I believe the primary ground for upholding the award was incorrect.
Workmen’s compensation is not universal health and accident insurance. Where an accident is solely the result of a personal act of the claimant, and cannot in any way be attributed to the environment of the employment, compensation for his injury does not come within the intention or purpose of the Workmen’s Compensation Law. (Matter of Kaplan v. Zodiac Watch Co., 20 N Y 2d 537.)
In the present case, while the claimant’s euphoric mood may have been influenced by his pleasant employment surroundings, the dance steps were a purely personal, volitional act of the claimant. I do not believe that the employer, his insurance *757 carrier, and, utimately, the consumer should be required to pay for injuries which resulted from this purely personal act. Accordingly, I dissent and vote to reverse.
Order affirmed.